53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bryant M. LEWIS, Plaintiff-Appellant,
v.
Andrew C. HOVE, Jr., Acting Chairman of the Board of
Directors, Federal Deposit Insurance Corporation,
et al., Defendants-Appellees.
 No. 93-16572.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1995.
Decided April 28, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Bryant Lewis applied to be a bank examiner trainee with the Federal Deposit Insurance Corporation (FDIC) in 1987, 1988, and 1989. In this action, Lewis claims that the FDIC's refusal to hire him in those years violated Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq., and the Federal Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. Specifically, he claims that the FDIC refused to hire him in retaliation for his previous filing of complaints with the Equal Employment Opportunity Commission, on account of his religious beliefs, and because he is handicapped.
 
 
 3
 Lewis appealed pro se the district court's order granting summary judgment against him. He orally argued his case before us and prepared a written brief. He is a person of certain skills, including the ability to present an effective argument. Nevertheless, we conclude that his appeal in this case must fail. We affirm.
 
 II.
 
 4
 Lewis' claims of employment discrimination in 1987 and 1988 are barred by the doctrine of res judicata. Lewis has twice before litigated and lost employment discrimination suits charging the FDIC with unlawful discrimination in refusing to hire him as a bank examiner trainee in 1987. See Lewis v. Seidman, No. 91-15993 (9th Cir. July 10, 1992); Lewis v. Newman, No. C-91-0642-DLJ (N.D. Cal. April 17, 1992). Lewis has also previously litigated and lost a suit charging the government with unlawful discrimination in refusing to hire him for that job in 1988. See Lewis v. Newman. Because Lewis raised or could have raised his claims regarding the FDIC's refusal to hire him in 1987 and 1988 in his earlier suits, he is barred from litigating them here. See Fund for Animals Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992).
 
 III.
 
 5
 Lewis' claims of employment discrimination in 1989 are not barred by res judicata because the government's conduct in that year does not involve "the same transactional nucleus of facts" as did Lewis' prior suits. See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987). Nevertheless, because we conclude that Lewis' 1989 employment discrimination claims lack merit, we affirm the district court's grant of summary judgment as to them as well.
 
 
 6
 The FDIC contends that it declined to hire Lewis as a bank examiner trainee in 1989 because it had already determined that he was unqualified for the position as a result of his poor performance during a 1987 interview for the same job.[1] Lewis offers no evidence to suggest that the government's explanation is merely a pretext for discrimination. Accordingly, even assuming that Lewis has stated a prima facie case of employment discrimination, we affirm the order granting summary judgment as to the 1989 claims.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Lewis v. Seidman held that Lewis' performance at the interview rendered him unqualified to be a bank examiner trainee in 1987. Accordingly, Lewis is collaterally estopped from relitigating here the issue of whether he was unqualified in 1987
 
 
 [2]
 Lewis also contends that the district court abused its discretion in not ruling on his motion to appoint counsel. The district court should have ruled on that motion. However, because the discrimination claims patently lack merit, we will not reverse on that basis